Stephen M. Lobbin (SBN 181195)
Email: sml@smlavvocati.com
SML Avvocati P.C.
969 Hilgard Avenue, Suite 1012
Los Angeles, CA 90024
Telephone: (949) 636-1391

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Avibank Mfg., Inc. d/b/a AVK Industrial Products,<br><br>    Plaintiff,<br><br>    vs.<br><br>FCA US LLC d/b/a Stellantis North America,<br><br>    Defendant. | Case No. 5:25-cv-03039<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 8,292,560**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Avibank Mfg., Inc. d/b/a AVK Industrial Products ("Plaintiff" or "AVK") files this Complaint for patent infringement, asserting U.S. Patent No. 8,292,560, which issued on October 23, 2012, and demand for jury trial against Defendant FCA US LLC d/b/a Stellantis North America ("Defendant" or "Stellantis"), and alleges as follows:

## NATURE OF THE ACTION

2. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281 and 283–285.

## THE PARTIES

3. Plaintiff AVK is a corporation organized under the laws of Delaware with its principal place of business at 25323 Rye Canyon Road, Valencia, California 91355.

4. Plaintiff's products and services are distributed throughout the United States.

5. Defendant Stellantis is a limited liability company formed under the laws of the state of Delaware with a regular and established place of business within this District at 5141 E. Santa Ana Street, Ontario, California 91761.

## THE PATENT-IN-SUIT

6. AVK designs, manufactures, and distributes innovative blind installed thread fasteners and installation tools for the industrial assembly of goods across various fields, including the automobile, aerospace, and military industries. AVK has established itself as an industry leader through research and development efforts directed to producing fastening solutions for large scale effects installed by professionals. AVK holds multiple patents protecting these innovative efforts, including U.S. Patent No. 8,292,560 (the "'560 Patent" or the "Patent-in-Suit").

7. The '560 Patent, titled "Anchor device with double-sectioned head and method of using the same," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on October 23, 2012. AVK is the owner of the '560 Patent, with all substantial rights, including the exclusive right to enforce, sue, and recover damages for past and future infringements. A copy of the '560 Patent is attached as Exhibit 1.

8. The '560 Patent is directed to an assembly that enables the attachment of a structure, such as a roof rack, to a thin-walled work piece, such as a vehicle roof. One key component of the '560 Patent's claimed invention is a fastener that AVK previously designed for Chrysler circa 2008. Chrysler, now Stellantis, never purchased the fastener from AVK, and AVK never manufactured the fastener for production use by Chrysler, Stellantis, or any other customers. Subsequently, Stellantis, rather than seeking a lawful alternative or obtaining a license, deliberately provided AVK's patented fastener to a third-party manufacturer with instructions to help replicate it.

9. Stellantis, who manufactures Jeeps, then began to use AVK's fastener in conjunction with the other claimed elements of the '560 Patent, thereby infringing on AVK's patented system.

## JURISDICTION AND VENUE

10. This Court's jurisdiction over this action is proper under relevant statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over patent actions). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has general personal jurisdiction over Defendant at least because Defendant sells infringing products in this district and purposely directs its activities to the state of California and, upon information and belief, Defendant has committed acts of direct and indirect patent infringement in California and Defendant regularly conducts business, solicits business, and/or derives substantial revenue from

products provided within California including products that infringe AVK's patented technology.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3) because Defendant has an established place of business in this District (e.g., its parts distribution center in Ontario, California) and has committed acts of infringement in this District (e.g., by offering for sale and selling automobiles that include the inventions claimed in the '560 Patent).

## COUNT ONE

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,292,560

13. Plaintiff incorporates by reference the allegations in paragraphs 1–12 as if fully set forth herein.

14. Defendant has infringed claims of the '560 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing infringing products. For example, Defendant has included the structure claimed in claim 1 of the '560 Patent as part of at least the 2020 model of the Jeep Cherokee, which is an example of an "Accused Product." The term "Accused Product" includes any other vehicle with the same or substantially the same structure accused of infringement herein, which has been made, sold, used, offered for sale, sold and/or imported in the United States by Defendant after October 23, 2012.

15. Claim 1 of the '560 Patent recites:

> A combination anchor device, structure, and work piece, wherein the anchor device is used for attaching the structure to the work piece, the structure having a top side and a bottom side, the structure further comprising a first aperture and a second aperture, the first aperture and the second aperture connected by a transition section, the first aperture, the second aperture, and the transition section extending through from the top side to the bottom side, the work piece having a first side and a second side and an opening extending from the first side to the second side, wherein, upon attachment, the bottom side of the structure facially

engages the first side of the work piece, wherein the anchor device comprises:

a double-sectioned head member comprising an upper head member and a lower head member depending from the upper head member, the lower head member comprising a first end attached to the upper head member and a second end comprising a shoulder adapted to engage the first side of the work piece, wherein the upper head member has a diameter smaller than the first aperture and larger than the second aperture, such that upon attachment of the structure to the work piece, the upper head member is retained by the top side of the structure adjacent to the second aperture, and the lower head member extends through the second aperture; and

a hollow sleeve section depending from the second end of the lower head member, the sleeve section for insertion into the opening in the work piece, the sleeve section comprising a first section and an axially adjacent second section, the first section comprising a proximal end attached at the second end of the lower head member, and a distal end wherein the first section terminates and the second section begins, said first section further comprising a wall having a first thickness and said second section comprising a wall having a second thickness, wherein the second thickness is larger than the first thickness such that the first section preferentially collapses upon application of linear force to the sleeve section.

16. The Accused Product includes a combination anchor device, structure, and work piece (the roof of the vehicle), wherein the anchor device is used for attaching the structure to the work piece, as shown in the annotated photos below.



17. The Accused Product includes a structure (e.g., the roof rack in the above image) having a top side and a bottom side, the structure further comprising a first aperture and a second aperture, the first aperture and the second aperture connected by a transition section, the first aperture, the second aperture, and the transition section extending through from the top side to the bottom side.





18. The Accused Product includes a work piece (e.g., the roof of the vehicle) having a first side and a second side and an opening extending from the first side to the second side (e.g., through the roof of the vehicle), wherein, upon attachment, the bottom side of the structure facially engages the first side of the work piece.





1  19. The Accused Product includes an anchor device that comprises a double-sectioned head member comprising an upper head member and a lower head member depending from the upper head member, the lower head member comprising a first end attached to the upper head member and a second end comprising a shoulder adapted to engage the first side of the work piece (e.g., when the double-sectioned head member extends through the roof of the vehicle).



20. The Accused Product includes an upper head member that has a diameter smaller than the first aperture and larger than the second aperture, such that upon attachment of the structure to the work piece, the upper head member is retained by the top side of the structure adjacent to the second aperture, and the lower head member extends through the second aperture. As shown below, the upper head member has a smaller diameter than the first aperture, which allows it to slide into the second aperture, which has a smaller diameter than the upper head member.



21. The Accused Product includes a hollow sleeve section depending from the second end of the lower head member, the sleeve section for insertion into the opening in the work piece, the sleeve section comprising a first section and an axially adjacent second section, the first section comprising a proximal end attached at the second end of the lower head member, and a distal end wherein the first section terminates and the second section begins, said first section further comprising a wall having a first thickness and said second section comprising a wall having a second thickness.



22. The Accused Product includes a hollow sleeve section with first and second sections such that the second thickness is larger than the first thickness such that the first section preferentially collapses upon application of linear force to the sleeve section. The inner diameter of the second section (brown arrow) is smaller than the first section (blue arrow) despite the uniform outer diameter throughout the length of the hollow sleeve section. Therefore, upon information and belief, the second section's thickness is larger than the first section, as shown above.



23. The full extent of Defendant's infringement is not presently known to AVK. AVK makes this preliminary identification of infringing products and infringed claims in Count One without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

24. AVK has suffered damages, including specifically lost profits, as a result of Defendant's infringement of the '560 Patent in an amount to be determined at trial.

25. Defendant's infringement of the '560 Patent has been willful at least since the time it received a notice letter alleging infringement dated May 31, 2024.

26. Defendant's infringement of the '560 Patent is causing irreparable harm for which AVK has no adequate remedy at law unless Defendant is enjoined by this Court. Under 35 U.S.C. § 283, AVK is entitled to a permanent injunction against further infringement of the '560 Patent.

# COUNT TWO

## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,292,560

27. Plaintiff incorporates by reference the allegations in paragraphs 1–26 as if fully set forth herein.

28. Defendant has had knowledge of the '560 Patent since at least May 31, 2024, when Defendant received a notice letter from Plaintiff alleging infringement of the '560 Patent.

29. In addition to directly infringing the '560 Patent, as discussed above with respect to Count One, Defendant knew or was willfully blind to the fact that it was inducing infringement of the '560 Patent under 35 U.S.C. § 271(b) by instructing, encouraging, directing, and requiring third parties, including its customers, to indirectly infringe by using the Accused Product in the United States.

30. Defendant knowingly and actively aided and abetted, encouraged, and contributed to the indirect infringement of the '560 Patent by instructing and encouraging its customers, purchasers, users, vendors, partners, and manufacturers to meet the elements of the '560 Patent with the Accused Product, as described above. Such instructions and encouragement included, but is not limited to, advising third parties to use the Accused Product in an infringing manner by advertising and promoting the use of the Accused Product in an infringing manner.

31. The full extent of Defendant's indirect infringement is not presently known to AVK. AVK makes this preliminary identification of infringing products and infringed claims in Count Two without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

32. AVK has suffered damages, including specifically lost profits, as a result of Defendant's indirect infringement of the '560 Patent in an amount to be determined at trial.

33. Defendant's indirect infringement of the '560 Patent is causing irreparable harm for which AVK has no adequate remedy at law unless Defendant is enjoined by this Court. Under 35 U.S.C. § 283, AVK is entitled to a permanent injunction against further infringement of the '560 Patent.

## PRAYER FOR RELIEF

WHEREFORE, AVK prays for the following judgments and relief:

(a) A judgment that Defendant has directly and/or indirectly infringed and is infringing the Patent-in-Suit;

(b) A permanent injunction against Defendant and its affiliates, subsidiaries, assigns, employees, agents or anyone acting in privity or concert from directly and/or indirectly infringing the Patent-in-Suit, including enjoining the making, offering to sell, selling, using, or importing into the United States products claimed in any of the claims of the Patent-in-Suit; using or performing methods claimed in any of the claims of the Patent-in-Suit; inducing others to use and perform methods that infringe any claim of the Patent-in-Suit; or contributing to others using and performing methods that infringe any claim of the Patent-in-Suit; until the expiration of the Patent-in-Suit;

(c) An award of damages adequate to compensate AVK for Defendant's direct and/or indirect patent infringement, and an accounting to adequately compensate AVK for the infringement, including, but not limited to, lost profits and/or a reasonable royalty;

(d) An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

(e) An order finding that this is an exceptional case and awarding AVK its costs, expenses, disbursements, and reasonable attorneys' fees related to Defendant's direct and/or indirect patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

(f) Such other further relief, in law or equity, as this Court deems just and proper.

**JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Rule 38-1 of the Local Rules, AVK hereby demands a jury trial on all issues triable before a jury.

DATED this 12th day of November 2025.

                              Respectfully submitted,

                              */s/ Stephen M. Lobbin*

                              *Counsel for Plaintiff*